IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry James Tyler, | ) CIVIL ACTION NO. 9:17-1471-MGL-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Patricia Ray, Toney Chavis, and James Bogle, Sr. , Esquire, | ) |
| Defendant. | ) |

This is a civil action filed by the Plaintiff, Larry James Tyler, pro se. Plaintiff, a frequent filer of litigation in this Court,[1] is currently detained at the Darlington County Detention Center (DCDC), where he is awaiting civil commitment proceedings pursuant to the South Carolina Sexually Violent Predator Act (SVPA), S.C. Code Ann. §§ 44-48-10 through 44-48-170. See Complaint, ECF No. 1, at 2, 4; see also Tyler v. Byrd, No. 4:16-00400-MGL-BM, 2016 WL 4414834, at * 1 (D.S.C. Jul. 27, 2016), adopted by 2016 WL 4374982 (D.S.C. Aug. 16, 2016).[2]

Plaintiff has filed this lawsuit alleging that he is a Jehovah's Witness, and that his

---

[1]Plaintiff has filed over twenty (20) civil actions in this Court over the past few years. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].

[2]A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) [holding that the district court had the right to take judicial notice of a prior related proceeding; see also Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).



1

rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) are being violated because he is not being allowed to engage in certain religious activities at the jail. Plaintiff seeks both prospective injunctive relief and monetary damages. The Defendant James Bogle, Jr. has filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on several grounds, including absolute prosecutorial immunity. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on August 22, 2017, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted.

Plaintiff thereafter filed a response in opposition to the Defendant Bogle's motion to dismiss on September 5, 2017, following which Bogle filed a reply memorandum on September 12, 2017. Bogle's motion is now before the Court for disposition.[3]

## Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the party opposing the motion. The motion can be granted only if the party opposing the motion has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[O]n a motion to dismiss, the Court does not weigh the strength of the evidence, and simply considers whether the [claim] alleges sufficient facts which, if true, would permit a reasonable fact finder to find [the party seeking dismissal of the claim] liable."

---

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), D.S.C. The Defendant Bogle has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



Vogt v. Greenmarine Holding, LLC, 318 F.Supp. 2d 136, 144 (S.D.N.Y. 2004).

Further, the Federal Court is also charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). Even so, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the pleadings in this case and the arguments of the parties, and in light of the requirements of Rule 12 and the liberal construction given to pro se pleadings, the undersigned finds for the reasons set forth hereinbelow that Bogle is entitled to dismissal as a party Defendant in this case.

In Plaintiff's Complaint, the Defendant Patricia Ray is alleged to be the Director of the Detention Center where Plaintiff is being held, while the Defendant Tony Chavis is alleged to be the Sheriff of Darlington County, whose office is responsible for the operation of the Detention Center. As previously noted, Plaintiff alleges in his Complaint that he is not being allowed to engage in various religious activities while detained as an SVP inmate awaiting civil commitment proceedings. However, with respect to the Defendant Bogle, Plaintiff only alleges that this Defendant is "the Attorney General of S.C.",[4] and that he has named Bogle "in the name of S.C." because he "represents the State that has made this law" [Plaintiff contends there is a state "law" that is denying him his ability to properly practice his religion at the Detention Center, although this law

---

[4] Bogle is actually a Senior Assistant Attorney General with the South Carolina Attorney General's Office.



3

is never identified], and that he wishes "to challenge this statute of S.C.[5] because it has prevented me from worshiping and obeying the God I serve".  In a "Declaration" attached to his Complaint, Plaintiff states that his rights are being violated because he is not being allowed to minister to others and has been threatened with lock down" in his cell if he does not keep his Bible and other religious literature in his cell.  Plaintiff states in his "Declaration" that the Defendant Sheriff Chavis has imposed these restrictions on him, and that the Defendant Ray has refused to help him notwithstanding Plaintiff having "sent her several messages in detail".  Plaintiff further complains in his "Declaration" that Ray and Chavis allow Baptist volunteers to come in to the dorms and "go to each cell and pass out Bibles and literature", but that Ray and Chavis will not allow Jehovah's Witness volunteers to do the same.  Nothing is said about Bogle.  See generally, Plaintiff's Complaint, with attached "Declaration".

        The Defendant Bogle argues in his motion that Plaintiff has failed to state a claim against him in his Complaint, and the undersigned is constrained to agree.  There are no allegations in Plaintiff's Complaint that Bogle is in charge of the jail or has any say so in how the jail is run or what policies are applied or in effect there.  When a Complaint contains no personal allegations against a Defendant to show that the Defendant has violated a Plaintiff's constitutional rights, that Defendant is properly dismissed from the case.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1999) ["Liability . . . must be based on the personal involvement of the Defendant"], cert. denied, 522 U.S. 1154 (1999); Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002) [Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; see also Horton

---

[5]Again, Plaintiff has not actually identified any particular statute as being the "law" that is preventing him from practicing his religion.



4

v. Marovich, 925 F.Supp. 540 (N.D.Ill 1996) ["Thus, a plaintiff suing a government official . . . and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right"]; Karafiat v. O'Mally, 54 F.Appx. 192, 195 (6th Cir. 2002); Curtis v. Ozmint, No. 10-3053, 2011 WL 635302, at * 4, n. 5 (D.S.C. Jan. 5, 2011), adopted by 2011 WL 601259 (D.S.C. Feb. 11, 2011).

Additionally, it is readily apparent that Plaintiff's claims against Bogle are in his official capacity as an attorney with the South Carolina Attorney General's Office, as the representative (per Plaintiff's own allegations) of the State of South Carolina. Therefore, to the extent Plaintiff had even asserted a viable claim against Bogle in his Complaint (which he has not), Bogle is entitled to dismissal as a party Defendant as he enjoys Eleventh Amendment immunity from suit in this Court in his official capacity. See Will v. Michigan Department of State Police, 491 U.S. 58, 70-71 (1989); Lynn v. West, 134 F.3d 582, 587 (4th Cir. 1998); Clark v. Maryland Department of Public Safety and Corrections, 247 F.Supp. 2d 773, 776, n. 2 (D.Md. 2003).[6]

---

[6]While there is an exception to Eleventh Amendment immunity that permits a federal court to issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law; see Ex parte Young, 209 U.S. 123 (1908); Kobe v. Haley, 666 F.Appx. 281, 298-299 (4th Cir. 2016); that exception is not applicable here, as it requires the Defendant to have some connection with the enforcement of the act at issue or special relation to the challenged state action. See Lytle v. Griffith, 240 F.3d 404, 409 (4th Cir. 2001). It does not apply when a state official merely possesses the "[g]eneral authority to enforce the laws of the state", as would be the case with an assistant attorney general of a State, such as Bogle. McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010). This reasoning would also apply to the extent Plaintiff's claim is being asserted under the RLUIPA. Although a Plaintiff can pursue a claim under the RLUIPA against a Defendant in their official capacity for both damages and injunctive relief; Malik v. Ozmint, No. 07-387, 2008 WL 701517, at * 13 (D.S.C. Feb. 13, 2008), adopted by 2008 WL 701394 (D.S.C. Mar. 13, 2008); the proper defendant for any such claim (under the allegations of Plaintiff's Complaint) would be Chavis and/or Ray, not Bogle. Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976) ["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"].



5

Moreover, Plaintiff makes clear in his response to the Defendant's motion to dismiss how he knows who Bogle is and why he has been included as a Defendant herein. According to Plaintiff's response, Bogle is the attorney who handled the probable cause hearing in the state circuit court relating to his civil commitment proceedings pursuant to the South Carolina Sexually Violent Predator Act. Plaintiff claims that during these proceedings Bogle "submitted false evidence to claim legal justification for the plaintiff's civil commitment", and even notes that he has a pending federal lawsuit against Bogle over the "procedures leading to his incarceration and the unconstitutionality of [his] commitment".[7] However, Defendant Bogle is protected from suit for any such claims, as Prosecutors have absolute immunity from damages[8] for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. See Van de Kamp v. Goldstein, 555 U.S. 335, 341-343 (2009).

For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. Id. at 343; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller–Burnside,

---

[7]That case is Tyler v. Bogle et. al., Civil Action No. 17-1251. There is currently a Report and Recommendation for summary dismissal of that case pending before the District Judge.

[8]Although Bogle is entitled to prosecutorial immunity from liability for damages for activities associated with the judicial phase of Plaintiff's SVP commitment proceedings, prosecutorial immunity does not protect prosecutors from suits seeking declaratory or injunctive relief. See Koon v. Toal, No. 15-3357, 2015 WL 6466441, at * 4 (D.S.C. Oct. 16, 2015). However, Plaintiff cannot seek such relief in a civil rights action. Id. Moreover, even if Plaintiff was seeking habeas relief in this case, which he is not, an attempt to dismiss or otherwise prevent a "prosecution" (to include SVP commitment proceedings) is not attainable through federal habeas corpus except in the most narrow and extraordinary of circumstances, none of which are present here. See Gillian v. Foster, 75 F.3d 881, 903 (4th Cir. 1996), citing to Younger v. Harris, 401 U.S. 37, 43-44 (1971); see also Martin Marietta Corp. v. Md. Commission on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994).



6

208 F.3d 467 (4th Cir. 2000); Hendricks v. Bogle, 3:13-CV-2733-DCN, 2013 WL 6183982, at *2 (D.S.C. Nov. 25, 2013)["In South Carolina, the Attorney General and his assistants function as prosecutors in criminal appeals, post-conviction relief actions, and in proceedings under the SVPA....[The Attorney General has] absolute immunity for [his] prosecution-related activities in or connected with judicial proceedings."]; Garrett v. McMaster, 7:07–2952–HFF–WMC, 2008 WL 3411673 (D.S.C.Aug.11, 2008)[finding that the Attorney General and a former Assistant Attorney General had prosecutorial immunity for conduct related to presenting the State's case]. Therefore, Plaintiff has failed to state a claim against Bogle based on his participation in Plaintiff's civil commitment proceedings. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)[absolute immunity "is an immunity from suit rather than a mere defense to liability"].

## Conclusion

Based on the foregoing, it is recommended that James Bogle's motion to dismiss be **granted**, and that he be **dismissed** as a party Defendant in this case.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 6, 2017
Charleston, South Carolina



7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).