

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| LARRY JAMES TYLER, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO.: 9:17-01471-MGL | |
| § | | |
| PATRICIA RAY, TONEY CHAVIS, § | | |
| C.O. HICKS, AND C.O. BENJAMIN, § | | |
| Defendants. § | | |

AMENDED ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
ADOPTING THE REPORT AND RECOMMENDATION,
AND DISMISSING THE CASE WITHOUT PREJUDICE

Plaintiff, proceeding pro se, brought this case alleging violation of his rights under the First Amendment to the United States Constitution and under the Religious Land Use and Institutionalized Persons Act (RLUIPA). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion for summary judgment be granted and the case be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de

novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 27, 2018. ECF No. 97. Plaintiff failed to file objections to the Report, and on August 22, 2018, the Court issued an Order adopting the Report, granting Defendants' motion for summary judgment, and dismissing the case without prejudice, ECF No. 99. On August 27, 2018, the Clerk of Court filed Plaintiff's objections to the Report, which Plaintiff purports were mailed August 9, 2018. ECF No. 103; *see also* ECF No. 102.

On August 30, 2018, Plaintiff filed notice he was appealing the Court's August 22, 2018, Order to the United States Court of Appeals for the Fourth Circuit. ECF No. 104. "The general rule is that the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals." *Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991). "The rule is not absolute, however. One exception is that a district court does not lose jurisdiction to proceed as to matters in aid of the appeal." *Id.* The Court is of the opinion its consideration of Plaintiff's objections, which it considers timely filed, fits under the "in aid of the appeal" exception. Thus, the Court has reviewed Plaintiff's objections, but holds them to be without merit. Therefore, the Court will enter judgment accordingly.

As a preliminary matter, Plaintiff avers: "C.O. Benjamin and Hicks are subordinates under Ray and Chavis. The plaintiff never told them his way of worship involves his Bible and literature and they are not responsible for denying him his weekly worship services. So they are

2

not liable." ECF No. 103 at 18. Accordingly, Plaintiff appears to concede his claims against C.O. Hicks and C.O. Benjamin. To the extent Plaintiff maintains he has valid claims against C.O. Hicks and C.O. Benjamin and objects to the Magistrate Judge's recommendations regarding those claims, however, Plaintiff's objections are addressed below.

Plaintiff first objects the Magistrate Judge favors the affidavits of Defendants over Plaintiff's affidavit. Specifically, Plaintiff argues the Magistrate Judge claims to have considered Plaintiff's affidavits as factual allegations, but later characterizes Plaintiff's affidavits as "self-serving affidavits containing conclusory assertions and unsubstantial speculation." *Id.* at 4.

Plaintiff has misapprehended the Magistrate Judge's recommendation. First, the Magistrate Judge fails to indicate he will treat Plaintiff's affidavits as fact; rather, the Magistrate Judge notes he will consider the factual allegations in Plaintiff's verified pleadings in evaluating Plaintiff's complaint. ECF No. 97 at 3 n.5. Further, the language Plaintiff objects to regarding self-serving affidavits is not the Magistrate Judge's recommendation, but a quotation from a case the Magistrate Judge cites to in support of his suggestion Plaintiff's allegations regarding receipt of books and correspondence are conclusory, without supporting evidence, and insufficient to state a claim. *Id.* at 21 (citing *Drakeford v. Thompson*, No. 2:09-cv-02239, 2010 WL 4884897 at *3 (D.S.C. Nov. 24, 2010)). Accordingly, the Court will overrule Plaintiff's first objection.

Plaintiff next argues Defendants should be denied summary judgment because Plaintiff has been denied discovery. The Court disagrees. Plaintiff was granted discovery in this case. Further, Plaintiff provides no indication what additional information he seeks that would justify the Court denying summary judgment to Defendants and extending discovery.

Plaintiff has filed several discovery motions in this case. On January 2, 2018, this Court denied Plaintiff's motion to compel, ECF No. 61, because Defendants had responded to the discovery requests at issue. ECF No. 64. On January 11, 2018, Plaintiff filed a motion for extension of time, and a second motion to compel. ECF No. 70. On January 29, 2018, the Court entered an Order granting Plaintiff's motion for extension of time, extending discovery until March 23, 2018, and otherwise denying Plaintiff's motion. ECF No. 72. Discovery closed March 23, 2018. On May 14, 2018, Plaintiff filed a motion for extension of time seeking to extend the time for discovery, ECF No. 83, which the Court denied because the motion was "manifestly untimely and no meritorious grounds [were] presented to justify a further extension of the discovery deadline in this case," ECF No. 90. Accordingly, Plaintiff has already had discovery in this case. Further, while Plaintiff alleges he has been denied "discovery needed to support his claims," ECF No. 103 at 3, he provides no indication what information he seeks that is essential to counter Defendants' motion for summary judgment. *See Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006) (quoting *Nguyen v. CAN Corp.*, 44 F. 3d 234, 242 (4th Cir. 1995)) (noting "Rule 56(f) requires that 'summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"). Accordingly, the Court will overrule Plaintiff's second objection to the Report.

Plaintiff next objects the Magistrate Judge erred in suggesting there was no genuine issue of material fact as to whether Defendants violated Plaintiff's constitutional rights by requiring him to leave his Bible and religious literature in his cell during recreation time. The Magistrate Judge recommends there is nothing unconstitutional about Defendants limiting prisoners from bringing their personal possessions to recreation. The Magistrate Judge notes the uncontested

affidavit of Defendant Patricia Ray (Ray) indicates there is often only one guard to supervise the twenty or more inmates on recreation. As such Ray avers if inmates were allowed to bring personal possessions to recreation, the guard would be unable to sufficiently check the inmates, and security could be compromised by inmates bringing weapons or contraband to recreation. Ray advances there is no less restrictive means to maintain the safety and security of the detention center. The Magistrate Judge further notes, even if Plaintiff is disallowed to bring his Bible and literature to recreation, there are no restrictions on his verbally proselytizing to other prisoners on recreation who wish to listen. Finally, the Magistrate Judge suggests Plaintiff is separated from his Bible and literature for the relatively short time he is voluntarily on recreation, and for at least some of the period at issue, religious literature including Bibles was available in a bin in the recreation area. Given these facts, the Magistrate Judge recommends the restrictions preventing Plaintiff from bringing his Bible and other literature to recreation do not impose a substantial burden upon Plaintiff's free exercise of religion.

Plaintiff raises numerous challenges to this recommendation. First, Plaintiff argues Ray's affidavit is insufficient to support her allegation this is the least restrictive means of maintaining security. He further advances if books brought from cells are a security risk, books placed in the book bins would be as well, and the restrictions were applied only to his dorm. Plaintiff also avers it would not take significant time for the guards to search inmates if they were allowed to bring books to recreation. Plaintiff then claims he did not contest his ability to verbally proselytize because that is not the basis of his claim; rather, Plaintiff argues Defendants restrictions on bringing his Bible and literature to recreation prevents Plaintiff from freely exercising his religion. Finally, Plaintiff advances the literature available in the recreation area

5

bins is insufficient because it is different from his in various ways, and requiring Plaintiff to leave his Bible and literature in his cell is a deprivation. The Court disagrees with Plaintiff's arguments regarding this recommendation.

First, in a motion for summary judgment, affidavits are a proper means of supporting an allegation. Fed. R. Civ. P. 56(c)(1)(A). Second, as the Magistrate Judge analyzes, books in a bin in the detention center dorm have previously been screened, and thus are not an equivalent security threat to books or other personal items an inmate might bring to recreation, which would have to be searched every time the inmate entered recreation to ensure no contraband or weapons were concealed in the personal property. ECF No. 97 at 17 n.13. To the extent Plaintiff seeks to argue his dorm was singled out for these restrictions, his allegations are conclusory and without supporting evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Further, Plaintiff fails to contest Ray's affidavit, which notes because officer resources are limited at recreation, not allowing inmates to bring their personal property to recreation is the least restrictive means of maintaining detention center security. While the inability to verbally proselytize may not have been the basis of Plaintiff's claim, he failed to contest Defendants' allegation he was able to verbally proselytize to inmates on recreation who wished to listen. Thus, for the purposes of Defendants' motion for summary judgment, the Court may consider Plaintiff's ability to verbally proselytize uncontested. Fed. R. Civ. P. 56(e)(2). Finally, even if Plaintiff is briefly and voluntarily deprived of his literature, the restrictions do not impose a substantial burden on Plaintiff's exercise of religion, nor rise to the level of a constitutional violation since there is an uncontested, legitimate penological purpose for these restrictions. *See Wall v. Wade*, 741 F.3d 492, 498-99 (4th Cir. 2014) (quoting *Lovelace v. Lee*, 472 F.3d 174, 200) (4th Cir. 2006))

(noting the First Amendment prohibits policies which substantially burden a prisoner's fee exercise of religion, but restrictions are permissible when they are "'reasonably adapted to achieving a legitimate penological objective.'"). For these reasons, the Court will overrule Plaintiff's third objection.

In Plaintiff's fourth objection, he argues the Magistrate Judge erred in suggesting Defendants preventing Plaintiff from carrying his literature with him to recreation failed to rise to the level of a RLIUPA claim. The Magistrate Judge recommends Defendants do not place a substantial burden on Plaintiff's religious exercise when they prevent him from bringing his Bible and religious literature to recreation, and thus their actions fail to form the basis for a RLIUPA claim. Plaintiff advances "taking the Plaintiff's Bible and literature is not a limitation [on his exercise of religion]. It is a complete stop to the plaintiff's ability to teach and minister." ECF No. 103 at 7-8. The Court agrees with the Magistrate Judge.

RLIUPA prohibits the government from imposing a substantial burden on a prisoner's religious exercise unless the burden is: 1) imposed to further a compelling government interest; and 2) is the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc(a)(1). The inmate bears the initial burden of showing prison policy substantially burdens his exercise of religion. *Incumaa v. Stirling*, 791 F.3d 517, 525 (4th Cir. 2015). Once the inmate makes that showing, the government must show the policy is the least restrictive means of meeting a compelling government interest. *Id*. RLIUPA claims are reviewed under the higher strict scrutiny standard rather than the lower reasonableness standard used to analyze parallel constitutional claims. *Lee*, 472 F.3d at 186.

Having reviewed the record, the restrictions preventing Plaintiff from bringing his Bible and literature to recreation do not constitute a substantial burden upon his exercise of religion. As Ray notes, and Plaintiff does not contest, Plaintiff is free to verbally proselytize during recreation time to other inmates who wish to listen. Further, despite Plaintiff's claim Defendants have taken his Bible and literature, Defendants have not done so; they have merely limited him from bringing these items to his voluntary recreation time. Such limitations fail to rise to the level of substantially burdening Plaintiff's free exercise of religion. Accordingly, the Court will overrule Plaintiff's fourth objection to the Report.

Plaintiff next avers the Magistrate Judge erred in suggesting Plaintiff failed to state a claim based upon inability to attend religious services when they do not fall during his recreation time. The Magistrate Judge recommends there is nothing unconstitutional about the detention center regulating the times of services, and thus Plaintiff fails to state a constitutional claim based upon such regulation. The Magistrate Judge further suggests the regulation fails to rise to the level of a substantial burden on Plaintiff's free exercise of religion, and thus Plaintiff also fails to state a RLIUPA claim based upon such restrictions. Plaintiff advances Ray's statements about inmates' freedom to attend services are inconsistent because she states inmates can attend Sunday services when volunteers are available to lead them, and later says inmates can attend services only when they are on recreation time during services. Plaintiff claims restricting his ability to attend services violates his rights.

The Court agrees with the Magistrate Judge. Having reviewed Ray's affidavit, the Court holds her statements internally consistent: inmates can attend services when a volunteer is available to lead services and the inmates are on their recreation time during services. Further, as

noted in Ray's uncontested affidavit, the restrictions on service attendance are based upon the availability of volunteers needed to conduct services, and the inmates being on recreation time when services are conducted. Due to security concerns, the detention center is unable to alter an inmate's recreation time to allow him to attend services. These restrictions do not form the basis for a constitutional claim. *See Jones v. Bradley*, 590 F.2d 294, 296 (9th Cir. 1976) (noting in a First Amendment free exercise of religion case brought by a prisoner "[a]pproriate restrictions on chapel use . . . are reasonable to maintain order and security."). Likewise, the restrictions alleged here do not substantially burden Plaintiff's freedom to exercise his religion. *See Baranowski v. Hart*, 486 F.3d 112, 114-15 (5th Cir. 2007) (holding prison's refusal to let Jewish inmates congregate when rabbi or religious volunteer was not present was not a substantial burden under RLIUPA). For those reasons, the Court will overrule Plaintiff's fifth objection to the Report.

Plaintiff further objects the Magistrate Judge erred in suggesting Plaintiff failed to show he had unsuccessfully asked a volunteer from his faith to visit when Plaintiff is on his recreation time. The Magistrate Judge suggested Plaintiff's failure to make this showing rendered his claim regarding the constitutionality of service availability unripe for adjudication. Plaintiff admits he did not make such a request, but argues there was no need nor any option for him to do so because Defendants set the day and time for visits. Because Plaintiff admits he made no such request, the Court will overrule his sixth objection.

In Plaintiff's seventh objection, Plaintiff argues the Magistrate Judge erred in suggesting there was no evidence Jehovah's Witness volunteers are being denied access to the detention center. The Magistrate Judge notes Ray's undisputed affidavit attests volunteers and visitors are welcome at the detention center, and volunteers from all faiths are treated equally. Ray further

9

notes the detention center does not control when the volunteers visit to hold services, and she has never received complaints of unequal treatment from any religious volunteer. Likewise, the Magistrate Judge notes Defendant C.O. Benjamin's (Benjamin) undisputed affidavit indicates Benjamin has never prevented any religious volunteer from visiting Plaintiff or any other inmate who is on recreation. Plaintiff avers he "suppl[ied] a scheduling sheet from the Sheriff's office showing the assigned day and time each volunteer can come in the jail." ECF No. 103 at 18. Having reviewed the record, the Court agrees with the Magistrate Judge: Ray and Benjamin's statements are uncontested. Accordingly, the Court will overrule Plaintiff's seventh objection to the Report.

Plaintiff next argues in his eighth objection the Magistrate Judge erred in suggesting Plaintiff fails to state a constitutional claim regarding Defendants allegedly restricting his access to reading materials. The Magistrate Judge notes Ray attests all inmates at the detention center are limited to five books in their cells at a time. According to Ray, when Plaintiff receives a book in the mail, it is placed with his personal property, he is notified of mail received, and he can choose when to switch out a book in his cell for a new one. Plaintiff advances Ray's evidence is insufficient to support her claims. He further notes he seeks discovery related to this issue, and avers Defendants' purported actions have unconstitutionally prevented him from access to reading material. The Court disagrees.

First, as noted above, in deciding a motion for summary judgment, affidavits like Ray's are evidence. Fed. R. Civ. P. 56(c)(1). Second, as analyzed previously, Plaintiff has already had discovery in this case, and fails to show sufficient cause to reopen discovery. Finally, Plaintiff's conclusory allegations regarding Defendants' purportedly unconstitutional restrictions on his

reading material are insufficient to counter Ray's affidavit. *See id*. For the foregoing reasons, the Court will overrule Plaintiff's eighth objection to the Report.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion for summary judgment is **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **DIRECTED** to **VACATE** the earlier Order and Judgment adopting the Report, ECF No. 99.

**IT IS SO ORDERED**.

Signed this 12th day of September, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.